11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bernard Cecil
Johnson

Appellant

Vs.      
            No. 11-02-00050-CR  -- 
Appeal from Harris County

State of Texas

Appellee

 

The jury
convicted Bernard Cecil Johnson of the offense of possession with intent to
deliver more than one gram but less than four grams of cocaine.  The trial court assessed punishment at
confinement for six years.  We
affirm.  

Appellant
presents two points of error on appeal. 
In both points, appellant argues that the trial court erred in denying
his motion to suppress because the State failed to sustain its burden of
showing either reasonable suspicion or probable cause for appellant=s initial detention.  Appellant=s complaint in the first point is based on a violation of U.S. CONST.
amends. IV and XIV, and his complaint in the second point is based on a
violation of TEX. CONST. art. I, ' 9.  

In
reviewing a trial court=s ruling on a motion to suppress, appellate courts must give great
deference to the trial court=s findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955 S.W.2d
85, 87 (Tex.Cr.App.1997).  Because the
trial court is the exclusive fact finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s ruling. 
Carmouche v. State, 10 S.W.3d 323 (Tex.Cr.App.2000).  We also give deference to the trial court=s rulings on mixed questions of law and fact
when those rulings turn on an evaluation of credibility and demeanor.  Guzman v. State, supra.  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Guzman v. State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. -
Eastland 1999, no pet=n).  








The record
from the hearing on the motion to suppress contains the testimony of Officer A.
L. Leeson.  Officer Leeson testified
that she was on bicycle patrol in the parking lot of a motel known for
narcotics offenses when she encountered appellant.  Appellant was bent over into his car through the open driver=s side door. 
As Officer Leeson approached him, appellant raised up, glanced at her,
and quickly bent back into his car. 
Concerned that appellant may have been reaching for a weapon, Officer
Leeson unsnapped her holster and began Apulling [her] weapon out of [her] holster.@ 
Before Officer Leeson could raise her weapon, however, appellant Araised back up@ out of the car and began to walk away.  Officer Leeson observed both cash and a baggie containing rocks
of crack cocaine in plain view in appellant=s left hand when he Araised back up.@  Officer Leeson then requested
that her partners Astop@ appellant, and they did.  Appellant was subsequently arrested without
a warrant.  

Contrary
to his assertion, appellant had not been stopped, detained, seized, or arrested
when Officer Leeson observed the cocaine. 
See California v. Hodari D., 499 U.S. 621 (1991)(Fourth Amendment
analysis); Johnson v. State, 912 S.W.2d 227 (Tex.Cr.App.1995)(Article I, ' 9 analysis).  A seizure does not occur until the suspect is subjected to the
use of physical force or until the suspect submits to a show of authority.  California v. Hodari D., supra; Johnson v.
State, supra.  Furthermore, evidence
located in plain view from a legal vantage point may be seized without a
warrant, and a peace officer may arrest an offender without a warrant for any
offense committed in the officer=s presence or within his view. 
Horton v. California, 496 U.S. 128, 135 (1990); TEX. CODE CRIM. PRO.
ANN. art. 14.01(b) (Vernon 1977)(respectively).  The record reflects that Officer Leeson observed the cocaine in
plain view in appellant=s hand and that Officer Leeson made such observation from a legal
vantage point in a motel parking lot. 
Consequently, appellant=s arrest was proper.  See Horton
v. California, supra; State v. Haley, 811 S.W.2d 597 (Tex.Cr.App.1991).  We hold that the trial court did not err by
denying appellant=s
motion to suppress.  Appellant=s first and second points of error are
overruled.  

The
judgment of the trial court is affirmed. 


 

TERRY McCALL

October 31, 2002                                                                    JUSTICE

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.